UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA MCCORMICK,

       Plaintiff,                               Civil Action No.
                                                    06-CV-11719-DT

vs.

                                                    HON. VICTORIA A. ROBERTS

THE HANOVER INSURANCE
GROUP, INC., et al.,

       Defendants.
_____/

**ORDER DENYING PLAINTIFF'S "MOTION TO CHIEF JUDGE" [DOCKET ENTRY 16]**

On October 18, 1006, plaintiff filed a motion requesting that "the Chief Judge resolve the conflicts and enter an order that this case is not a companion case and vacate said reassignment, or any other relief the Court feels is just."  Plaintiff does not believe the reassignment of this matter from Judge Cox to Judge Roberts was appropriate.  She argues that the companion case rule does not apply and that Judge Roberts "has a prejudice towards in pro se litigants . . . ."

The Chief Judge of this court has no authority to interfere with another judge's decision to reassign, or to decline to reassign, a case pursuant to this court's companion case rule, E.D. Mich. LR 83.11(b)(7).  As that rule plainly states, the reassignment decision is a matter that is left to the sole discretion of the judge to whom the case is assigned and the judge to whom an earlier, related matter was assigned.  If both judges agree that the cases in question are companions, then the more recent case is reassigned to the judge who had the earlier case.  The Chief Judge has no role to play, either before, during or after the reassignment occurs.[1]  If plaintiff objects to the reassignment (e.g., on the grounds that the cases in question

---

[1] The Chief Judge does have a role to play when reassignment is appropriate for other reasons (e.g., docket efficiency or consent of the parties).  *See* E.D. Mich. LR 83.11(b)(2).  But even in such instances, the Chief Judge may reassign a matter only if the judges to whom the cases in question have been assigned consent to the reassignment.

are not truly companions), she must raise the issue with the judge to whom the case has been reassigned. The Chief Judge has no authority to vacate, affirm, or otherwise review another judge's reassignment decision, or even to comment as to whether the cases in question are companions under the local definition.

Nor does the Chief Judge have any authority to reassign a case on the grounds that the judge to whom the case is assigned has, in plaintiff's words, "disqualification issues." Plaintiff's Motion to Chief Judge, p. 1. A motion seeking disqualification (recusal) must be raised with the judge to whom the case is assigned, not the Chief Judge. Accordingly,

IT IS ORDERED that plaintiff's "Motion to Chief Judge" [docket entry 16] is denied.

s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated:   November 6, 2006
         Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
       Patricia Foster Hommel
    Secretary to Chief Judge Friedman**

2