UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LINDA MCCORMICK**

        **Plaintiff,**        **CASE NUMBER: 06-11719**
                                    **HONORABLE VICTORIA A. ROBERTS**

**v.**

**HANOVER INSURANCE GROUP, INC.,and
its Subsidiary HANOVER INSURANCE COMPANY
Jointly and Severally,
        Defendant(s).**
_____/

## ORDER

This matter is before the Court on Plaintiff Linda McCormick's Motion to the Chief Judge: 1) to resolve Conflict of Judges' Conduct That Deprived Plaintiff of Her Fundamental Constitutional Rights; and for: (2) deprivation of Substantive Rights Due To Improper Reassignment Contrary to Administration of Justice And In Conflict with Local Rule 83.11(7)(A)(i)(ii); and (3) Improper Reassignment To A Judge Involving Disqualification Issues.  For the following reasons, this Court **DENIES** Plaintiff's Motion.

**I.**    **BACKGROUND**

On April 7, 2006, Plaintiff filed her complaint against Hanover Insurance Group Inc.  It was randomly assigned to the Honorable Marianne O. Battani, pursuant to Local Court Rule 83.11(a).  Per administrative order, the case was reassigned to the Honorable Sean F. Cox on June 28, 2006.  On October 5, 2006, the case was again reassigned, this time to this Court pursuant to Local Rule 83.11(b)(7)(A)(ii).

This Court has presided over several cases filed by Plaintiff: *McCormick v. Eric*

*Braverman, et al*, No.04-70613, *McCormick v. Braverman, et al & Citizens of Insurance Co. of America*, No. 04-70622, and *McCormick v. David M. Findling*, No. 05-72165.

## II.  ANALYSIS

Plaintiff argues that *McCormick v. Hanover Insurance Co.* was improperly assigned to this Court in violation of her constitutional rights.[1]  Her contentions are: (1) this case is not a companion case to *McCormick v. Findling*; and (2) this Court cannot fairly and impartially adjudicate her claims.

Preliminarily, this motion is addressed to the Chief Judge.  Plaintiff requests that he "resolve the conflict of Judge's" pursuant to Local Rule 83.11(b)(2) and 28 U.S.C. § 1651.  These two provisions, however, do not confer jurisdiction upon the Chief Judge to decide Plaintiff's motion.  Furthermore, Chief Judge Bernard Friedman issued an Order on November 6, 2006, confirming that he has no authority to intervene.[2]

Plaintiff's contention that this case is not a "companion" case to McCormick v. Findling is simply wrong.  Pursuant to Local Rule 83.11(b)(7), a civil case may be reassigned if it appears to be a companion case where: (i) substantially similiar evidence will be offered at trial, or; (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence.  Cases may be companion cases even though one of them may have already been terminated.  The Rule further provides that "when it becomes apparent to the Judge to whom a case is assigned and

---

[1] Plaintiff also alleges that Defendant improperly included "impermissible information"in its' Reply to Plaintiff's Response to Defendants' Motion to Dismiss.  These allegations would be more properly addressed in a sur-reply to Defendants' Motion to Dismiss.  Accordingly, the Court will consider these claims along with Plaintiff's Response to Defendant's Motion to Dismiss.

[2] *See,* Order Denying Plaintiff's "Motion to Chief Judge."

to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number." Local Rule 83.11(b)(7)(c).

This case was assigned to Judge Sean Cox by administrative order. Upon recognizing that other cases arising out of the same circumstances had been handled by Judge Roberts, Judge Cox requested, and Judge Roberts accepted, reassignment of the case. Plaintiff says that the cases are not companion because: (1) the evidence is not the same; (2) the parties are different; and 3) her claims that Defendants breached their insurance contract, committed financial institutional fraud, mail fraud, RICO violations, and embezzlement do not involve the same transactions.

The Court disagrees. Plaintiff's prior suit against David Findling involved property located at 8995 Henry Ruff Road, Livonia, MI. In *Findling*, Plaintiff alleged violations of the: (1) Fourth Amendment for illegally seized insurance proceeds and personal property; and (2) Fifth Amendment for the taking of the insurance proceeds and personal property without due process. Plaintiff also claimed intentional interference with a contract she had with a general contractor.

This lawsuit also involves the Henry Ruff property and a claim to insurance proceeds for fire damage. While Plaintiff does not mention David Findling by name, she does refer to him throughout her complaint as "state actor" or "court-appointed receiver." Thus, despite Plaintiff's protests, this case, was properly reassigned as a companion to *Findling*.

Plaintiff's second argument is that this Court cannot fairly and impartially

adjudicate her claims. In support of her claims, she asserts that during previous litigation this Court improperly denied a motion to compel because Plaintiff did not file the motion electronically. The Court, however, denied the motion to compel because it was moot; the defendant had mailed Plaintiff the requested materials once he discovered she was not registered for electronic service. See *Findling*, Dkt. Entry No. 33.

Plaintiff also claims that this Court *sua sponte* dismissed her former cases without 10 days notice in violation in Fed.R.Civ.P. 56(c) and 12(b)(6). Neither of these rules addresses notice.

All of Plaintiff's cases were dismissed *sua sponte* for lack of subject matter jurisdiction. This Court found that all cases constituted an appeal of a state court judgment and dismissed in accordance with the Rooker-Feldman doctrine.

District courts can dismiss an action *sua sponte* at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *In re Lewis v. Boyd,* 398 F.3d 735, 739 (6th Cir. 2005)("The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself."); *see also Douglas v. E.G. Baldwin & Assocs., Inc.,* 150 F.3d 604, 607 (6th Cir. 1998)("When a court determines that it lacks subject matter jurisdiction over a case or controversy it may dismiss the matter *sua sponte.*").

Because a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction, this Court properly exercised its discretion in dismissing Plaintiff's former cases and can do so without notice to the parties.

**III.    Conclusion**

4

For the following reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED**.

                                              S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated:  November 13, 2006

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on November 13, 2006.

S/Carol A. Pinegar
Deputy Clerk

---