UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LINDA MCCORMICK**

    **Plaintiff,**    CASE NUMBER: 06-11719
              HONORABLE VICTORIA A. ROBERTS

**v.**

**HANOVER INSURANCE GROUP, INC.,and
its Subsidiary HANOVER INSURANCE COMPANY
Jointly and Severally,**

    **Defendants.**
_____/

## ORDER

    This matter is before the Court on Defendant Hanover Insurance Group, Inc., and its subsidiary Hanover Insurance Company's Motion To Dismiss For Lack of Diversity Jurisdiction And Failure to State A Claim Upon Which Relief Can Be Granted. For the following reasons, this Court **GRANTS** Defendants' Motion.

**I.  BACKGROUND**

    On November 22, 2003, Citizens Insurance Company of America ("Citizens") issued Plaintiff Linda McCormick ("McCormick" or "Plaintiff") a homeowner's insurance policy, which covered Plaintiff's residence located at 8995 Henry Ruff Road, Livonia, MI. Shortly thereafter, on December 18, 2003, a fire damaged the home and in accordance with her policy Plaintiff made a claim for repair. Then, a series of actions primarily litigated in Michigan state court began regarding the property. On January 23, 2004, the Hon. Youngblood presiding over *McCormick v. McCormick*, 84-422014-DO,

appointed a receiver, David Findling, to ensure that the insurance proceeds from the fire damage were used to repair the home.

Findling solicited bids for the repair of the property and requested Citizens to disburse funds to begin reconstruction. In accordance with an order entered by the court, a construction company repaired the home and Citizens issued funds to Findling for disbursement.

Subsequently, Plaintiff filed three lawsuits with this Court challenging the actions of Findling and Citizens.[1] This Court dismissed the cases for lack of subject-matter jurisdiction. Plaintiff appealed these decisions to the Sixth Circuit.

Now, Plaintiff challenges the actions of Citizens as well as its parent corporations, Hanover Insurance Group, Inc. ("Hanover Group") and Hanover Insurance Company ("Hanover")(collectively, "Defendants").[2] On April 7, 2006, Ms. McCormick filed this action against Defendants alleging violations of: (1) her Fifth and Fourteenth Amendment rights to due process; (2) her First Amendment right to redress; and (3) her civil rights under 42 U.S.C. §§ 1983 and 1985. Plaintiff also claims insurance fraud, embezzlement, mail fraud, wire fraud, and financial institutional fraud. Finally, she seeks declaratory judgment, pursuant to 28 U.S.C. § 2201.

---

[1]*See McCormick v. Eric Braverman,* No. 04-70613, *McCormick v. Citizens of Insurance Co. of America*, No. 70622, and *McCormick v. David M. Findling*, No. 05-72165.

[2]Defendants concede that Hanover Group owns Citizens. Defendants attach a copy of their corporate structure as evidence that each subsidiary is wholly owned and a separate entity apart from Hanover Group. *See* Def. Ex. A. The corporate structure chart appears to illustrate that Hanover Group is the parent corporation of both Hanover and Citizens. It also appears to illustrate that Citizens is a subsidiary of Hanover.

**II.      ANALYSIS**

    **A.      Standard of Review**

Defendants seek dismissal of Plaintiff's complaint based on: (1) lack of diversity jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1); (2) failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6); and/or (3) summary judgment, pursuant to Fed.R.Civ.P. 56.

Rule 12(b)(1) addresses procedural defects such as challenges to a court's subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996)(recognizing that the various Rule 12 motions to dismiss and the standards applicable to such motions are often confused with each other). Here, Defendants allege that this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332.

For purposes of this motion, the Court accepts Plaintiff's allegations as true, and will construe all inferences in her favor, pursuant to Rule 12(b)(6).

    **B.      Properly Named Defendants**

Preliminarily, Defendants maintain that the proper party defendant is their subsidiary, Citizens. Defendants assert that Plaintiff should have filed her claim against Citizens because: (1) Citizens issued Plaintiff's homeowner's policy; and (2) Plaintiff alleges that several Citizens' agents and employees violated her constitutional rights.

In response, Plaintiff asserts that she intentionally chose to sue Defendants and not Citizens because Defendants are the ones who violated federal law. Further, Plaintiff contends that Hanover Group, as the parent corporation, maintains complete control over its subsidiaries, Hanover and Citizens. According to Plaintiff, "Citizens of America is only used as a dummy name for said incorporated parent corporation, . . .

and merely functions as a nominal 'Field Claims' entity division." Moreover, Plaintiff sets forth specific allegations against Defendants. For instance, she asserts that both Defendants exercised complete control over all aspects of her insurance claim by approving and issuing checks from their Delaware home office to a non-policy holder.

Even if either Defendant is improperly being sued for the acts of Citizens, Plaintiff is still afforded the safeguard of having all inferences drawn in her favor. Her specific allegations against these Defendants require the Court to Deny their motion to dismiss.

### C.     Violation of 42 U.S.C. § 1983

Next, Defendants argue that Plaintiff fails to state a claim under Fed.R.Civ. P. 56 and 12(b)(6). Plaintiff asserts that Defendants violated her civil rights while acting under color of state law. The Civil Rights Act of 1871, 42 U.S.C. § 1983, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A section 1983 claim typically cannot be brought against private citizens because they are not considered "state actors." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct."). A private citizen can, however, become a state actor and be treated as such under § 1983 if:

> (1) the deprivation complained of was "caused by the exercise of some right of privilege created by the State" and (2) the offending party "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."

*Id.* at 591 (*quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Thus, the Court must first determine whether Plaintiff's allegations sufficiently set forth the requirement of "state action."

Plaintiff alleges state action because Defendants are licensed and extensively regulated by state law.  Further, Plaintiff argues that Defendants' policies are approved by the state and pursuant to state regulations their disbursement of funds to a non-policy holder violates not only her policy, but also state law.  In addition, Plaintiff contends that Defendants acted under color of state law and in concert with court-appointed receiver, David Findling, to violate her First, Fifth, and Fourteenth Amendment rights.

In support of her contention, Plaintiff cites *Stern v. Massachusetts Indemnity and Life Ins. Co.*, 365 F.Supp. 433 (E.D.PA 1973).  In *Stern*, the plaintiff alleged that the defendant insurer refused to sell disability insurance to women on the same terms as men.  The court found "state action" under § 1983 because the complaint attacked risk classifications approved by the State of Pennsylvania.  *Stern*, however, was effectively overruled by the Third Circuit Court of Appeals in *Broderick v. Associated Hosp. Serv. of Philadelphia*, 536 F.2d 1 (3d Cir. 1976)(finding that plaintiff's complaint, which claimed that insurer's rate and enrollment policies discriminated against married women, involved no "state action" under § 1983 even though the State of Pennsylvania approved contract subscribers and rates.).

Here, Plaintiff claims that Defendants arbitrarily delayed payments and improperly paid a non-policy holder, considerations over which the state has no control. Although Defendants issued the checks, which Citizens disbursed according to state court orders, Plaintiff has not provided any authority, nor has the Court found any, that indicates compliance with a court order amounts to "state action," for the purpose of imposing § 1983 liability.

Therefore, the Court finds that Plaintiff fails to state a claim under 42 U.S.C. § 1983.

### D.    Other Federal Claims

In her complaint, Plaintiff alleges violations of 18 U.S.C. §§ 1341, 1342, 1343, 1956, and 1961.  These include claims of mail fraud, wire fraud, use of fictitious names, money laundering, and civil RICO.  As a general matter, unless a criminal statute specifically authorizes a private right of action, none exists.  *See Thompson v. Thompson*, 484 U.S. 174, 179 (1988); *Cort v. Ash*, 422 U.S. 66, 79 (1975) (no private right of action exists under criminal statutes unless there is a clear statutory basis for such an inference); *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373 (1958).  It is well established that no private right of action exists under the federal mail-fraud or wire-fraud, 18 U.S.C. §§ 1341, 1343 (except in RICO cases).  *See Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1177-79 (6th Cir. 1979)(holding there is no private right of action under the mail fraud statute).

Defendants do not request dismissal of Plaintiff's civil RICO claim.  The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 (2000 ed. and Supp. III), prohibits certain conduct involving a "pattern of racketeering

activity." § 1962 (2000 ed.).  One of RICO's enforcement mechanisms is a private right of action, available to "[a]ny person injured in his business or property by reason of a violation" of the Act's substantive restrictions. § 1964(c).  Although Plaintiff cites section 1961 of this statute, the Court notes that she fails to plead any of the requisite elements.

To state a claim for relief under 18 U.S.C. § 1962(c), a complaint must generally state four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Hall American Center Associates Ltd. Partnership v. Dick*, 726 F. Supp. 1083 (E.D. Mich. 1989).  After a review of Plaintiff's complaint, the Court is unable to discern what provision of RICO Plaintiff alleges Defendants have violated.  Moreover, Plaintiff fails to allege a pattern of racketeering activity, an enterprise, or fraud with sufficient particularity.  Fed.R.Civ.P 9(b).

For all these reasons, the Court declines to entertain Plaintiff's claims under these statutes.

### E.    Diversity Jurisdiction and Request for Declaratory Relief

Since all federal claims have been dismissed, the only way the Court can reach Plaintiff's request for declaratory relief is if diversity jurisdiction is established.

#### 1.    Diversity Jurisdiction

Federal diversity jurisdiction requires that all parties to the action be "citizens of different states." 28 U.S.C. § 1332(a).  For diversity purposes a corporation may have dual citizenship: "(A) corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Defendants contend their subsidiary, Citizens' citizenship should be considered for diversity purposes because generally "in a suit involving a subsidiary corporation, the court looks at the state of incorporation and principal place of business of the subsidiary," absent a showing that the subsidiary is merely an alter ego of its parent corporation.[3]  *Danjaq v. Pathe Communications Corp.*, 979 F.2d 772, 775 (9th Cir. 1992).

The Court declines to find that Citizens is the proper party defendant.  As stated above, Plaintiff has sufficiently alleged a claim against both Defendants.  Moreover, she has set forth allegations that Citizens is the alter ego of Hanover Group.

It follows, then, that the Court must decide diversity jurisdiction based on the citizenship of the names Defendants.  There is no dispute that both Hanover Group and Hanover are both incorporated under the laws of Delaware.  *See* Pl. Ex. A.  The issue is whether their principal places of business establish diversity.  "The question of a corporation's principal place of business is essentially one of fact, to be determined on a case-by-case basis, taking into account such factors as the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations." *Gafford v. General Elec. Co.*, 997 F.2d 150 (6th Cir. 1992).

In determining a particular corporation's principal place of business, the Sixth Circuit uses the "total activity" test; taking into account where the corporation conducts

---

[3]Defendants also assert that Citizens is a separate entity because: (1) its underwriters are housed in Michigan; (2) its claims adjusters are housed in Howell, Michigan; (3) Citizens houses its own employees; (4) Citizens maintains its own in-house counsel; (5) it operates under Michigan law, and (5) its stock is issued in Michigan.

most activity that is visible and impacts the public. *Id.* Where the corporation's activities are "far flung" and it operates in numerous states, the court will place increasing emphasis on the location of its executive offices. *J.A. Olson Co. v. Winona*, 818 F.2d 401 (5th Cir. 1987).

Here, Hanover Group is the parent corporation of many insurance companies throughout the United States. *See* Def. Ex. A. According to Plaintiff, Hanover Group's executive offices are located in Worcester, Massachusetts. Plaintiff also claims that Hanover's principal place of business is Worcester, Massachusetts. Further, Plaintiff asserts that Defendants conduct all corporate forums and store corporate records in Worcester.

Defendants do not rebut Plaintiff's claims or respond to Plaintiff's statement that Worcester, Massachusetts is their principal place of business. Defendants' failure to respond leaves the court with a concession that Worcester, Massachusetts is their principal place of business. *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1295 (D.C. Cir. 2004). Consequently, because Plaintiff is a citizen of Michigan and Defendants are incorporated in Delaware with their principal places of business in Massachusetts, the parties are diverse for purposes of 28 U.S.C. § 1332. Therefore, the Court will address Plaintiff's claim for declaratory relief.

### 2.   Declaratory Relief

Plaintiff requests declaratory relief, pursuant to 28 U.S.C. § 2201. She wants the Court to order Defendants to: (1) pay Plaintiff monies owed to her for reasonable living expenses to date; (2) pay Plaintiff for hotel lodging during the time period she awaited

disbursement of funds; and (3) pay Plaintiff cash value for non-repair of the basement and for the devaluation of the dwelling based on non-repairs.

Defendants argue that Plaintiff's allegations fail to demonstrate that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The Court agrees.

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The test for determining the "case or controversy" and "actual controversy" issues is "whether the facts alleged, under the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Detroit, Toledo and Fronton R.R. Co. v. Consolidated Rail Corp.*, 767 F.2d 274, 279 (6th Cir. 1985)(*citing Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941)). In *Consolidated Rail Co.*, the Sixth Circuit affirmed the district court's dismissal of a declaratory action brought by several railroad companies who disagreed over joint routes and fares. The parties had agreed that the Interstate Commerce Commission had primary jurisdiction to determine the route and rate changes, but no action was pending before the agency. The court concluded that since the parties did not bring their action before the agency empowered to authorize changes in existing routes, the

controversy was not of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

Here, there are no state court proceedings pending and the contested funds have been disbursed. Therefore, this matter is not of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Defendants request for dismissal of Plaintiff's declaratory judgment claim is GRANTED.

### F.   State-Law Claims

Plaintiff's remaining claims arise under state common law. The court's authority to entertain state-law claims is governed by 28 U.S.C. § 1367. The statute empowers the district court to decline to exercise supplemental jurisdiction over state-law claims in a number of circumstances, including cases in which "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

District courts have "broad discretion" in deciding whether to exercise supplemental jurisdiction over state-law claims. *Pinney Dock Transport Co. v. Penn Central R.R. Co.*, 196 F.3d 617, 620 (6th Cir. 1999). The Court discerns no benefit to the parties or the administration of justice in retaining jurisdiction over Plaintiff's state-law claims. Therefore, the Court declines to exercise supplemental jurisdiction.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

**IT IS SO ORDERED**.

                                                 s/Victoria A. Roberts  
                                                 Victoria A. Roberts  
                                                 United States District Judge

Dated:  December 8, 2006

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 8, 2006.<br><br>s/Linda Vertriest<br>Deputy Clerk |